[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The only defendant who has not been defaulted, and as to whom no withdrawal has been filed (the "defendant"), has moved to dismiss this mortgage foreclosure action on the ground of "merger".
The plaintiff, an assignee twice removed of the original-mortgagee, redeemed on its law day in a previous foreclosure action brought by a condominium association to foreclose its statutory lien against the subject premises (the "premises") for unpaid common charges. The defendant claims that upon redemption by the plaintiff, the mortgage which is the subject of this case became merged into the title to the premises which was then acquired by the plaintiff, thereby extinguishing the mortgage and denying the court of jurisdiction over its foreclosure. In support of this claim the defendant relies on Hurlbutt v. Hurlbutt, 6 Conn. Cir. 314, 272 A.2d 146 (1970).
In Hurlbutt, the Appellate Division of the Circuit Court took CT Page 3023 "merger" and "appropriation" to be different names for the same doctrine, and it said:
 The doctrine of appropriation applies where the value of the property at the time of redemption equals or exceeds the amount of the debt. Id. at 320. (Citations omitted.)
According to the Hurlbutt court, merger requires measuring the value of the property at the time of redemption against the amount of the debt. Accordingly, merger does not result automatically upon redemption by a foreclosing mortgagee, but rather has other elements which must be established by proof. Since there is no evidence now before the court to establish that the value of the premises at the time of the plaintiff's redemption exceeded the mortgage debt, the motion to dismiss is denied.
George Levine, Judge